0IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PORCIA HALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 3605 |
| | ) |
| MICHAEL J. ASTRUE, | ) Judge Rebecca R. Pallmeyer |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Porcia Hale prevailed in this action for review of the denial of her application for disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. She now seeks an award of attorney's fees, arguing that the government's position in this case was not substantially justified. For the reasons set forth below, Plaintiff's motion for attorney's fees is denied.

**PROCEDURAL BACKGROUND**

As more fully explained in the court's earlier opinion, Plaintiff Hale claims she is disabled by arthritis in her right hip and knee, chronic obstructive pulmonary disease ("COPD"), asthma, hypertension, and hyperthyroidism. *See Hale v. Barnhart*, No. 05 C 3605, slip. op. at 11, 13-15, 18-22 (N.D. Ill. Dec. 21, 2007). On review from the Secretary's denial of benefits, the court concluded that the record supported the ALJ's conclusions on step one and portions of steps two through four, but found certain gaps in the analysis in steps two through four and remanded for further proceedings. *Id.* at 23-24.

With regard to step two, the court found that the ALJ failed to address certain evidence concerning Plaintiff's pulmonary hypertension, rendering this court unable to assess the ALJ's conclusion that this condition was not a severe impairment. *Id.* at 12-13. With regard to step three, the court held that the ALJ did not provide a reasoned basis to support his conclusion that Plaintiff's

claimed impairments, in combination, did not meet or equal a listing. *Id.* at 15-18. The ALJ also failed to specify which of Plaintiff's impairments he considered, evaluate competing evidence, or explain why Plaintiff's COPD does not meet or equal Listing 3.02(A). *Id.* Finally, with regard to step four, the court held that the ALJ had not adequately evaluated the impact of Plaintiff's testimony about her limitations on his conclusion that she could perform sedentary work with environmental limitations, and did not adequately explain his characterization of Plaintiff's past work as secretarial or compare the demands of that past work with her current restrictions. *Id.* at 21-23.

Plaintiff now seeks attorney's fees under 28 U.S.C. § 2412(d)(1)(A).

## DISCUSSION

The Equal Access to Justice Act ("EAJA") provides that a court shall award fees and other expenses to a prevailing party in a civil action against the United States "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The government has the burden of proving that its position was substantially justified.[1] *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). The government's position is substantially justified if it has a reasonable basis in both law and fact, and there is a reasonable connection between the facts alleged and the legal theory advanced. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000); *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). A position can be

---

[1] Plaintiff argues that the government has failed to present "any basis" for finding in its favor and cites *Gillespie-Kern v. Astrue*, No. 06 C 6389, slip. op. at 1-2 (N.D. Ill. Nov. 8, 2007), in support of her argument. (Plaintiff's Reply to the Defendant's Response to Plaintiff's Petition for an Award of Fees and Costs Pursuant to the Equal Access to Justice Act ("Pl.'s Resp.") at 2-3. In *Gillespie-Kern*, the government submitted just one sentence in support of its argument on substantial justification. *See* slip. op. at 1-2. In this case, however compact its brief may be. the government dedicated over four pages of argument to this issue. (Defendant's Response to Plaintiff's Petition for an Award of Fees and Costs Pursuant to the Equal Access to Justice Act ("Def.'s Resp.") at 2-6.) In any event, the EAJA requires the court to make an independent assessment based on the record. 28 U.S.C. § 2412(d)(1)(B); *see Cox v. Astrue*, No. 07 CV 234, 2008 WL 4858384, *3 (N.D. Ind. Nov. 7, 2008) (even when the government fails to argue a motion, a court "must still review the record to make an independent judgment as to whether the government's position was substantially justified").

substantially justified even if it is not correct, so long as a reasonable person could think it correct. *Pierce*, 487 U.S. at 566 n.2; *see also Stein v. Sullivan,* 966 F.2d 317, 320 (7th Cir.1992) ("substantially justified" standard is satisfied if there is a "'genuine dispute'" or "if reasonable people could differ as to the appropriateness of the contested action") (quoting *Pierce*, 487 U.S. at 565). The outcome of a case is not conclusive evidence of the justification for the government's position. *Bricks, Inc. v. E.P.A.*, 426 F.3d 918, 922 (7th Cir. 2005). The government argues that its position was substantially justified in this case because the ALJ merely failed to articulate portions of his reasoning and that it was reasonable to defend the ALJ's decision. (Def.'s Resp. at 5-6.)

Plaintiff challenges the government's position on several bases. She argues that the ALJ's conclusion at step two that Plaintiff's pulmonary hypertension is a non-severe impairment and the government's defense of this finding were unreasonable. (Pl.'s Resp. at 4.) Second, Plaintiff contends that the ALJ's analysis in step three was perfunctory and the government failed to address this issue. (*Id.* at 4-5.) Finally, Plaintiff asserts that the ALJ's failure adequately to compare the demands of her prior job with her current restrictions is inconsistent with long-standing precedent. (*Id.* at 3-4.) The court considers these arguments in turn.

**A.  Pulmonary Hypertension**

Plaintiff contends the ALJ ignored evidence that could have supported a finding that Plaintiff's pulmonary hypertension is a severe impairment, and the government unreasonably defended that decision. (*Id.* at 4.) She cites *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) ("*Golembiewski I*")*,* where the Seventh Circuit reversed an ALJ's disability determination in part because the ALJ "entirely failed to discuss" three possible impairments. *Id.* at 917-18. The record in this case is distinguishable. The ALJ here did discuss Plaintiff's pulmonary hypertension and specifically discounted one doctor's diagnosis. *Hale*, slip. op. at 12-13. The court found remand necessary only because the ALJ did not also address other statements that could have supported a different conclusion about the severity of the impairment. *Id*. Notably. *Golembiewski I* addressed

an ALJ's disability determination, not a prevailing plaintiff's motion for attorney's fees. *See Cummings* v. *Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991) ("substantial evidence" standard used to evaluate a disability determination is not the same as the "substantially justified" standard used in a motion for attorney's fees). The fact that this court ordered a remand does not require a finding that the government's position was not substantially justified; the government's position may ultimately be substantially justified even if it loses on a particular issue. *See Pierce*, 487 U.S. at 569; *Jackson v. Chater*, 94 F.3d 274, 279 (7th Cir. 1996). Here, although the court concluded that the ALJ's analysis was incomplete, the government was not unjustified in defending that analysis.

**B.     The ALJ's Listing Analysis**

Plaintiff's second argument focuses on the ALJ's step three analysis. Plaintiff argues that the government's position was not substantially justified because the ALJ did not consider whether the combination of Plaintiff's impairments met a listing requirement. Here, she cites *Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003) as an example of a similarly perfunctory analysis, (Pl.'s Resp. at 4-5), and several other Seventh Circuit cases for the proposition that an ALJ must consider evidence of an impairment if it could meet a listing requirement. *E.g. Ribaudo v. Barnhart*, 458 F.3d 580, 83-84 (7th Cir. 2006). (Pl.'s Rep. at 5.)

The court does not agree that this principle requires a conclusion that the government's position was not substantially justified. The record here did contain objective medical evidence that could have supported the ALJ's finding that Plaintiff's impairments, in combination, did not meet or equal a listing requirement. *See Cunningham*, 440 F.3d at 865 (the government's position was substantially justified because objective medical evidence was "included in the record . . . [and] supports the ALJ's decision, although he did fail to adequately explain the connection" or cite the evidence); *Hale*, slip. op. at 2-7, 12-17. For example, Dr. Mond testified that Plaintiff had not suffered from hypertension for over twenty years or a seizure for more than five years and was not experiencing symptoms from her thyroid condition. *Hale*, slip. op. at 7, 13. Additionally, while the

4

ALJ failed to explain how Plaintiff's COPD did not meet the listing requirement, the court noted that there "might well be a sufficient basis on which the ALJ could conclude that Listing 3.02(A) did not apply to Hale," but that this reasoning was not included in the ALJ's opinion.[2] *Id.* at 17.

By itself, the ALJ's failure to include adequate reasoning or articulate the impairments he considered does not demonstrate that the government's position was not substantially justified. *Cunningham*, 440 F.3d at 865; *Stein*, 966 F.2d at 319-20. There was, on review, a genuine dispute on whether the ALJ had considered all of Plaintiff's impairments. *See Hale*, slip. op. at 16. The court's siding with Plaintiff on this issue does not also mean that the government's argument was without merit. *Bricks,* 426 F.3d at 922; *Jackson*, 94 F.3d at 279.

**C.     The ALJ's Finding on the Demands of Secretarial Work**

Plaintiff next argues that the government's position was not substantially justified because the ALJ failed adequately to compare the demands of Plaintiff's past job as a secretary with her current restrictions, as required by *Smith v Barnhart*, 388 F.3d 251, 252-53 (7th Cir. 2004). (Pl.'s Resp. at 3.) She contends that the government's defense of the ALJ on this issue lacked a reasonable basis, citing *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) ("*Golembiewski II*"), for the proposition that "when an ALJ's decision runs counter to long-standing precedent, the Commissioner's position is not substantially justified." (Pl.'s Resp. at 3.)

*Golembiewski II* does not stand for such a broad proposition. The court there reversed a decision adverse to the claimant because the ALJ's opinion contained "no discussion" of credibility, mischaracterized medical evidence, and completely ignored three different potential impairments. The court noted that its earlier analysis contained "[s]trong language against the government's position [on the benefits decision]," militating against a finding that the government's position was

---

[2] Specifically, the court noted that "At the hearing, Dr. Mond testified that there were problems with the first two pulmonary function tests in the record, leaving the third study (which yielded an above-listing result of 144) as the only reliable indicator of Hale's pulmonary function. (R. at 227.)" *Hale*, slip. op. at 17.

5

substantially justified. 382 F.3d at 724-25. This case differs; the ALJ's analysis is incomplete in step four and other portions of his decision, but contains none of the other errors relied on by the *Golembiewski II* court. In other words, "the ALJ's decision in *Golembiewski II* contained several significant flaws that are not present in [this] case." *Cunningham*, 440 F.3d at 864 (emphasizing the *Golembiewski* court's reliance on all of the ALJ's errors).

Finally, Plaintiff asserts that the government's statement that the ALJ "did not connect all the dots in parts of his analysis" is an admission that the ALJ's decision was not substantially justified. (Def.'s Rep. at 5; Pl.'s Resp. at 3.) In this court's view, however, an ALJ's failure to fully explain his reasoning is not the same as a failure to engage in any analysis at all. *See Cunningham*, 440 F.3d at 864-65 (holding that an ALJ's failure "to connect all the dots in his analysis" does not require a finding of no substantial justification). Moreover, even if the government was wrong with respect to part of its position, its overall litigation posture may be substantially justified. *Pierce*, 487 U.S. at 569; *Cummings*, 950 F.2d at 496. Evidence in the record in this case supported many of the ALJ's findings, and the ALJ's reasoning, though incomplete in certain respects, was not entirely absent. Considering the totality of the circumstances in this case, the court concludes that the government's defense of the ALJ's decision was not unreasonable.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorney's fees under the EAJA (29) is denied.

ENTER:

Dated: December 12, 2008

REBECCA R. PALLMEYER
United States District Judge